JANUARY TERM, 1882, No. 434.          MAY 18TH, 1882.

## The Columbia National Bank *versus* Bletz.

1. There was not, between December 4th, 1871, and September 20th, 1872, inclusive, a single bank of issue in this Commonwealth authorized to charge interest at a greater rate than six per cent.

2. National Banks within this Commonwealth are forbidden by section 5198 of the Revised Statutes of the United States, to contract for, or receive, a higher rate of interest than six per cent.

3. Bank v. Gruber, 10 Norris, 377, and Bank v. Karmany, 11 W. N. C., 43, followed.

4. Section 5198 of the Revised Statutes of the United States provides that, " in case a greater rate of interest has been paid, the person or persons paying the same, or their legal representatives, may recover back, in any action of debt, twice the amount of interest thus paid from the association taking or re-

[The Columbia National Bank *v.* Bletz.]

ceiving the same." *Held*, that the sum to be recovered back is not a debt but a penalty, and does not bear interest.

5. In a suit for such penalty it is no defence that in a previous action upon the notes by the defendant against the plaintiff, the latter claimed as a set-off and was allowed all of the interest and discount taken upon the said notes.

6. The Courts of this Commonwealth have jurisdiction.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUN-KEY, STERRETT, and GREEN. JJ.

Error to the Court of Common Pleas of *Lancaster County.*

*Assumpsit*, by Frederick Bletz against The Columbia National Bank, to recover penalties imposed by section 5198 of the Revised Statutes of the United States, for taking interest in excess of the legal rate.

The defendant pleaded to the jurisdiction of the Court, *nil debet*, and filed certain special pleas as follows:

1. That it did not take from the plaintiff any loan or discount or interest, upon any note, bill of exchange, or evidence of debt, " at a rate greater than the rate limited for banks of issue organized under the laws of the State of Pennsylvania, where the said defendant bank is located."

2. That by the provisions of its charter it was authorized to take interest at the rate allowed by the laws of Pennsylvania for banks of issue organized under the laws of said Commonwealth, and that banks of issue organized under the laws of said Commonwealth were authorized by their charters to take such rates of interest as might be agreed upon by said banks and the parties contracting with them (naming eighteen such banks, and referring to their acts of incorporation).

3. That as to certain counts of the *narr*, being fifteen counts, in a suit previously brought by the present defendant against the present plaintiff to recover the amount of the notes mentioned in said counts, the present plaintiff demanded a set-off of all the interest and discount paid on the notes; and all of the interest and discount, amounting to $614.35, was deducted, and only the balance of the principal sums was paid by the present plaintiff to the present defendant.

4. That as to the other counts of the *narr*, being one hundred and fifty-one counts, in a suit previously brought by the present defendant against the present plaintiff to recover moneys due on the promissory notes mentioned in said counts, the present plaintiff claimed " a set-off of all the excess of interest and discount above six per cent." received by the present defendant on the said notes, "and all of said excess, with interest thereon, said excess amounting to

$1412.22, and the interest thereon to $407.47, aggregating $1819.69," which was allowed as set-off and deducted.

On the trial before PATTERSON, J., the plaintiff offered in evidence, without objection, a paper showing the amount of various notes discounted by the defendant for the plaintiff, between December 4th, 1871, and September 20th, 1872, inclusive, to be $202,622.39, upon which the discount charged was $2398.26; the excess over six per cent. was $927.88, and the total of discount and excess was $3322.14. The defendant offered in evidence the charters of all the banks named in his second special plea, to be followed by evidence that these banks were organized and carried on business from December 1st, 1871, to December 1st, 1873, and that defendant took from plaintiff only such rates of interest as were agreed upon between them.

The Court, on objection, overruled the offer, and exception was taken.

Defendant then offered in evidence the record of a suit to January Term, 1874, No. 113, by the present defendant against the present plaintiff, to be followed by proof " That all the interests and discounts, and interest on the same, aggregating $614.35, accepted and received by this defendant from the plaintiff, in the last said suit, on the notes mentioned in the third special plea filed in the case now trying, was claimed as a set-off by this plaintiff, and the same was allowed to him by this defendant, being all the interest and discount ever taken from him on said notes; and further, that all the excess over six per cent., accepted and received from this defendant by this plaintiff, on all the notes mentioned in all the counts, in the plaintiff's declaration, mentioned in defendant's last special plea filed in this case, the said excess amounting to $1412.22, and the interest thereon, amounting to $407.47, aggregating $1819.69, was claimed by this plaintiff as a set-off in said suit, No. 113, January Term, 1874, and that this defendant then allowed the same to him ; and this defendant only received from the plaintiff the principal of said notes without any interest, and after deducting all discounts charged on said notes, and interest on said discounts, and all of said excess and interest thereon."

The Court, on objection, overruled the offer, and exception was taken.

Counsel for the defendant asked the Court to charge the jury as follows:

" 1. This Court has no jurisdiction for the recovery by plaintiff of the penalties claimed in the declaration filed in

[The Columbia National Bank *v.* Bletz ]

this suit, and therefore the verdict must be for the defendant.

" 2. There having been in Pennsylvania at the several dates of the discounts mentioned in the plaintiff's declaration, from December 1st, 1871, to December 1st, 1873, banks of issue organized under the laws of said State, authorized to take such rates of interest as might be agreed upon between such banks and the parties contracting with them, the defendant having accepted and received from the plaintiff only such rates of interest or discount as were agreed upon between the plaintiff and the defendant, the plaintiff cannot recover in this action, and the verdict must be for the defendant.

" 3. The plaintiff cannot recover any interest on any of the penalties mentioned in the declaration.

" 4. The uncontradicted evidence being that all the interest and discounts taken, received, reserved or charged by the defendant from the plaintiff on the notes mentioned and described in counts numbered 45, 67, 80, 105, 120, 125, 131, 140, 144, 151, 157, 159, 163 and 164 of the plaintiff's declaration were claimed by the plaintiff as matters of set-off, and were allowed to him by this defendant as credits in a suit brought by this defendant against this plaintiff to No. 113, January Term, 1874, in this Court, to recover the amounts of the notes mentioned in said counts, the plaintiff cannot recover any of the penalties mentioned in said counts, and as to them the verdict must be for the defendant.

" 5. The uncontradicted evidence being that all the excess of interest and discounts above 6 per cent. taken, received, reserved or charged by the defendant, from the plaintiff, on all the notes mentioned and described in all the counts of the plaintiff's declaration, with interest on such excess, was claimed by the plaintiff, and was allowed to him by this defendant as a credit in a suit brought by this defendant against this plaintiff to No. 113, January Term, 1874, in this Court, to recover the amounts of the notes mentioned in counts (giving the numbers) of the plaintiff's declaration, the plaintiff cannot recover any of the penalties mentioned and claimed in his declaration, and the verdict must be for the defendant."

The Court negatived these points, and charged the jury :

" It seems that the parties here are agreed as to the correctness of the calculation of interest charged on the several loans and discounts, and the proof as set forth in paper ' No. 1, D. W. P.,' and not disputed, is that the interest so charged is in excess of the legal rate of interest; we, therefore, are requested to instruct you to render your verdict for the plaintiff for the sum of $9434.87, which we now do."

[The Columbia National Bank v. Bletz.]

Defendant excepted to the answers to the points and the charge.

November 22d, 1880. Verdict for the plaintiff for $9434.87, upon which judgment was subsequently entered.

The defendant then took out a writ of error, assigning as errors:

1 and 2. That the Court erred in overruling the offers of the defendant.

3, 4, 5, 6 and 7. That the Court erred in its answers to the defendant's 1st, 2d, 3d, 4th and 5th points.

8 and 9. That the Court erred in its charge, and in entering judgment on the verdict.

*H. M. North,* for plaintiff in error.

Defendant has a right to support his plea, whether the facts are sufficient to constitute a defence or not: Howell *v.* McCoy, 3 Rawle, 256.

As to the 2d, 3d and 4th assignments: Brown *v.* Second National Bank of Erie, 22 P. F. Smith, 209 ; Bletz *v.* Columbia National Bank, 6 Norris, 87; Bank *v.* Gruber, 8 W. N. C., 119 ; Bank *v.* Karmany, 11 W. N. C., 42.

Under the 30th section of the National Banking Act of June 3d, 1864, the sum to be recovered is twice the amount of the interest as a penalty, not as a debt-bearing interest.

It is not a debt at all. Where money is recoverable under a statute that makes no provision for interest, none can be recovered: Weir *v.* Allegheny County, 11 Pittsburgh L. J., N. S., 199 ; see Bank *v.* Johnson, 25 Albany Law Journal, 6.

*George M. Kline* and *S. H. Reynolds,* for defendant in error.

The rejection of evidence, the relevancy of which does not appear, is not ground of error.

A party, from whom a national bank has taken an excess of interest, is entitled to recover the penalty and the excess of interest: Gruber *v.* The Bank, 6 Norris, 465.

The claim is not for a penalty. It is a debt due the borrower. As a debt, it carries interest: 1 Binney, 488.

OCTOBER 4TH, 1882.—The opinion of the Court was delivered by STERRETT, J. :

It is very evident from an inspection of the several acts of Assembly, which the Court refused to receive in evidence, that they are not charters of banks of issue, and were, therefore, irrelevant. During the period covered by the transactions on which this suit is based, it may be safely affirmed that there was not a single bank of issue in this Common-

[The Columbia National Bank *v.* Bletz.]

wealth authorized to charge interest at a greater rate than six per cent. The same question was before us, in First National Bank of Clarion *v.* Gruber, 10 Norris, 377, and Lebanon National Bank *v.* Karmany, 11 W. N. C., 43. It is there held that there are not and never have been any such banks in this State; and, consequently, national banks are forbidden by the act of Congress to contract for or receive a higher rate of interest than six per cent. All the questions of any importance (with perhaps a single exception), that are presented by the record in this case, are so fully discussed and disposed of in the cases referred to, that it is only necessary to say, we are satisfied that the rulings of the Court below are correct, except in the matter complained of in the fifth and eighth specifications, viz., the refusal of the Court to charge that the plaintiff cannot recover interest on any of the penalties mentioned in the declaration. In this there was clearly error. The act of Congress provides: " In case a greater rate of interest has been paid, the person or persons paying the same, or their legal representatives, may recover back, in any action of debt, twice the amount of interest thus paid from the association taking or receiving the same; Provided, That such action is commenced within two years from the time the usurious transaction occurred." The sum to be recovered is not a debt, which would ordinarily carry interest. It is a statutory penalty, and the form of action, in which it may be recovered, does not endow it with the interest-bearing property of a debt. Where money is recoverable under a statute that makes no provision for interest, none can be demanded. This principle is distinctly ruled in Weir *v.* Allegheny County, 10 Pittsburgh L. Jour., N. S., 241. The record before us shows the items, which make up the verdict, viz.:

| | |
|---|---:|
| Penalties, . . . . . . . . . | $6644.28 |
| Interest thereon, . . . . . . . . . | 2790.59 |
| Verdict, . . . . . . . . . | $9434.87 |

The learned counsel for defendant in error offered at bar to remit the item of interest, in case we should be of opinion that it is not recoverable. Instead, therefore, of reversing the judgment, and awarding a *venire facias de novo*, it may be modified by striking out the item of interest, and thus reducing the amount of the verdict to $6644.28.

Counsel for defendant in error having agreed to remit all of the verdict in excess of $6644.28, it is ordered that the record be so amended, and the judgment modified accordingly; and, as thus modified, the judgment is affirmed.